FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

2013 FEB 26  AM II: 05

*[illegible stamp]*
OF FLOR
ORLANDO, FLORIDA

Danielle Tacoronte
     Plaintiff

v.

TATE & KIRLIN ASSOCIATES
     Defendant

Case# 6:13-CV-331-ORL-37-DAB

## COMPLAINT

Plaintiff, Danielle Tacoronte, individually, hereby sues Defendant, TATE & KIRLIN ASSOCIATES, for violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692, the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559(Part VI), Fair Credit Reporting Act, FCRA, 15 U.S.C. § 1681, and the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(2)(5).

## PRELIMINARY STATEMENT

1.  This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692 and the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559(Part VI) and the Fair Credit Reporting Act, (FCRA) 15 U.S.C. § 1681.

2.  Upon belief and information, Plaintiff contends that many of these practices are widespread by the Defendant.  Plaintiff intends to propound discovery to Defendant identifying these other individuals who have suffered similar violations.

1

3.    Plaintiff contends that the Defendant has violated such laws by repeatedly harassing

       Plaintiff in attempts to collect alleged but nonexistent debt.

## JURISDICTION AND VENUE

4.    Jurisdiction of this Court arises under 15 U.S.C. §1681p, Fla. Stat. §47.051, and

       supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5.    Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77. Venue in this

       District is proper in that the Plaintiff resides here, the Defendant transacts business

       here, and the conduct complained of occurred here.

6.    This is an action for damages which exceed $5,000.00.

## PARTIES

7.    Plaintiff, Danielle Tacoronte, is a natural person and is a resident of the State of Florida.

8.    Upon information and belief the Defendant is a foreign corporation, authorized to do

       business in Florida with their principal place of business located at 2810 Southapton

       Road, Philadelphia, PA 19154.

## FACTUAL ALLEGATIONS

9.    On or about 8-August-2012, Defendant mailed the Plaintiff a letter (Exhibit 'A')

       demanding payment for some unknown account.

10.   On or about 20-August-2012, Defendant mailed the Plaintiff a second letter (Exhibit 'B')

       demanding payment and offering a discount on the alleged but nonexistent debt.

11.   On or about 10-September-2012, Defendant mailed the Plaintiff a third letter (Exhibit 'C')
       demanding payment and offering a discount on the alleged but nonexistent debt.

12.   On or about 19-September-2012 the Plaintiff mailed Defendant a demand for validation
      of the alleged but nonexistent debt. (Exhibit "D")

13.   Between August 25, 2012 thru September 14, 2012 the Defendant called the Plaintiffs
      cell phone no less than eight times  and as early as 5:18 A.M contrary to the FDCPA
      and FCCPA.. (Exhibit "E")

14.   The communications in question here are all related to the collection of a consumer debt.

15.   The acts alleged herein all took place in Osceola County, and Orange County, CA, in that
      the communication was received there.

16.   Plaintiff has no prior or present established relationship with Defendant.

17.   Plaintiff has no contractual obligation with Defendant.

18.   Defendant is in violation of Florida Statutes 559.715, which are a condition precedent
      and applies to those entities receiving assignments of consumer debts and, having
      failed to comply by providing notice to Defendant within 30 days after assignment,
      Plaintiff is precluded as a matter of law from attempting to collect the alleged debt in
      Florida.

19.   Plaintiff obtained her consumer credit reports from the three major credit reporting
      agencies and found entries by entities that she was unfamiliar with in her Transunion
      report.

20.   Plaintiff after examination of her Transunion consumer credit report found that Defendant
      had obtained Plaintiff's Transunion consumer credit report on August 9, 2012 without
      permissible purpose. (Exhibit "F")

21.   Again without permissible purpose on August 21, 2012, the Defendant obtained the Plaintiffs
      credit report from Experian. (Exhibit "G")

3

**COUNT I**
**VIOLATION OF FAIR DEBT COLLECTION**
**PRACTICES ACT (FDCPA), 15 U.S.C. §1692**
**BY DEFENDANT**

22.   Plaintiff alleges and incorporates the information in paragraphs 1 through 21.

23.   Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3)

24.   Defendant is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

25.   Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the
       following:

   (a) Defendant violated 15 U.S.C. §1692e(2) by falsely representing the character,
       amount, or legal status of any debt.

   (b) Defendant violated 15 U.S.C. §1692f(1) by the collection of any amount (including
       any interest, fee, charge, or expense incidental to the principal obligation) unless such
       amount is expressly authorized by the agreement creating the debt or permitted by
       law.

   (c) § 1692 e Any other false, deceptive, or misleading representation or means in
       connection with the debt collection

   (d) § 1692 e(10) Any false representation or deceptive means to collect a debt or obtain
       information about a consumer

   (e) § 1692 c(a)(1) At any unusual time, unusual place, or unusual time or place known to
       be inconvenient to the consumer, before 8:00 am or after 9:00 pm

   (f) § 1692 e(10) Any false representation or deceptive means to collect a debt or obtain
       information about a consumer

   (g) § 1692 f(5) Caused any charges to be made to the consumer, e.g., collect telephone
       calls

   (h) § 1692 g Failure to send the consumer a 30-day validation notice within five days of
       the initial communication

4

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C §1692k.

## COUNT II
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANT

26.   Plaintiff alleges and incorporates the information in paragraphs 1 through 21.

27.   Plaintiff is a consumer within the meaning of §559.55(2).

28.   Defendant is a debt collectors within the meaning of §559.55(6).

29.   Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

   (b) Defendant violated §559.72 (7), Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant,  for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## COUNT III

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL AND/OR NEGLIGENT NON-COMPLIANCE BY DEFENDANT

31. Plaintiff alleges and incorporates the information in paragraphs 1 through 21.

32. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

33. Transunion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

34. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

35. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

36. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

37. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, given direct authorization to, or received a bona fide offer of credit from the Defendant.

38. On August 9, 2012, Defendant obtained the Transunion consumer credit report from the Plaintiff with no permissible purpose or direct authorization in violation of the FCRA, 15 U.S.C. § 1681b.

40. On August 21, 2012, Defendant obtained the Experian consumer credit report from the Plaintiff with no permissible purpose or direct authorization in violation of the FCRA, 15 U.S.C. § 1681b.

41. Plaintiff sent a notice, by certified mail, to Defendant of their violation in an effort to mitigate damages and reach a settlement for their violation in obtaining Plaintiff's credit report before taking civil action against them.  Plaintiff received no reply to her correspondence.

42.  At no time did Plaintiff give authorize the Defendant to acquire her consumer credit report from any credit reporting agency.

43.  The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

44.  The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.  There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.


**WHEREFORE,** Plaintiff demands judgment for damages against Defendant for statutory damages of $1000.00 and/or actual damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o(a)

**COUNT IV**
**DEFENDANT'S VIOLATIONS OF THE TELEPHONE**
**COMMUNICATIONS ACT  47 U.S.C. §227(b)(1)(A) (iii)**

45.  Plaintiff alleges and incorporates the information in paragraphs 1 through 21.

46.  Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) (iii) by using an automatic telephone dialing system to call Plaintiff's cell phone.

47. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C.
§227(b)(1)(A)(iii) by calling the Plaintiff's phone number, which is assigned to a cellular
telephone service contrary to 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

(1) PROHIBITIONS.—it shall be unlawful for any person within the United States, or any
person outside the United States if the recipient is within the United States—
(A) to make any call (other than a call made for emergency purposes or made with the prior
express consent of the called party) using any automatic telephone dialing system or an artificial
or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized
mobile radio service, or other radio common carrier service, or any service for which the called
party is charged for the call;
48. Defendant unlawfully and in violation of the TCPA called the Plaintiff cell phone eight
known times without permission.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant for statutory
damages attorney's fees, and costs pursuant to 47 U.S.C. §227.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.
Respectfully submitted the 21 th of February, 2013

8

Respectfully submitted,

By: _____

J. Marshall Gilmore, Esq.
FB# 840180
Counsel for Plaintiff
1936 Lee Road, Suite 100
Winter Park, FL  32789
Phone 407 629-7322
Fax     407 599-3801
mgilmore@mgilmorelaw.com