UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DANIELLE TACORONTE,**

        Plaintiff,

v.                                                       **Case No. 6:13-cv-331-Orl-37DAB**

**TATE & KIRLIN ASSOCIATES, INC.**

        Defendant.

## MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST TAIT & KIRLIN ASSOCIATES INC, PURSUANT TO FED.R. CIV. PROC. 55(b)(2)

Plaintiff, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, hereby makes application to the Court for Entry of Final Default Judgment for the Plaintiff against Tait & Kirlin Associates Inc, the corporate Defendant named in the Complaint as follows:

1. Plaintiff filed her Complaint on February 26, 2013.

2. Plaintiff served the Defendant, Tait & Kirlin Associates Inc, on March 12, 2013, but since such date, no appearance or filing whatsoever has been filed by Defendant.

3. A Clerk's Default Order (Doc _10_) was entered on July 30th, 2012 against Tait & Kirlin Associates Inc, the corporate defendant named in the Complaint as Defendant, for its failure to plead or otherwise defend.

4. Movant submits her Affidavit in Support of this Motion for Default Judgment which she has testified under oath and penalty of perjury concerning the facts

from her personal knowledge supporting entry of judgment for the damages pled for in Plaintiff's Complaint.

5. The cause of action pled by Plaintiff is for violations of the Fair Debt Collection Practices Act ( "FDCPA" hereinafter), 15 USC Sec 1692 the Fair Credit Reporting Act ("DCRA" hereinafter) 15 USC Sec. 1681, the Telephone Consumer Protection Act("TCPA" hereinafter) 47 USC 227(b)(1)(A)iii and Sec. 227(b)(2)(5) as well as pendant jurisdiction over the Florida Consumer Collection Practices Act ( FCCPA" hereinafter), F.S. 559(PartVI). Therefore this court has jurisdiction over this case and the allegations in the Complaint pursuant to 15 USC 1681P and Florida Statutes 47.051 the supplemental jurisdiction for state pendant law claims pursuant to 28 USC 1367.

6. The Plaintiff resides in the County of Osceola, Florida which is in the district of this court and the violations, as alleged in the Complaint and Supporting Affidavit occurred in Osceola County Florida. Venue is therefore proper pursuant to 28 USC 1391b and Fla. Statutes 559.77.

7. Defendant is a Pennsylvania corporation as shown by the records of the Pennsylvania Secretary of State attached to plaintiff's affidavit in support of her Amended Application for a Clerk's Default (Doc 9).

8. Plaintiffs affidavit in support of her Amended Application for Clerks Default shows that the defendant is both registered as a debt collector in the state of Florida and through the letters and telephone calls referenced in Plaintiffs

Affidavit in support hereof, is doing business in the state of Florida by attempting to collect debts from Florida residents.

9. The affidavit of the serving officer from Philadelphia Pennsylvania attached to the Amended Application for Clerk's Default ( Doc _9__) show conclusively that this court has personal jurisdiction over the corporate defendant.

10. Plaintiff has pled a cause of action for violations of the FDCPA in its Count I which entitle it to statutory damages of $1000 for which plaintiff requests this court to enter judgment of $1000.00 for each distinct violation.

11. Plaintiff has pled a cause of action for violations of the FCCPA in its Count II, which entitle it to statutory damages of $1000.00 for each violation pled for which plaintiff requests this court to enter judgment for eight violations in the total amount of $8,000.00.

12. Plaintiff has pled a cause of action for violations of the FCRA in its Count III, which entitle it to statutory damages of $1000 for each time the Defendant made an impermissible pull of Plaintiffs credit report for a total of $2,000 which plaintiff requests this court to enter judgment for.

13. Plaintiff has pled a cause of action for violations of the TCPA in its Count VI which entitle it to statutory damages of up to $500 for the first call and $1,500 each for each willful telephone call made thereafter to the Plaintiffs cell telephone which Plaintiffs Complaint and Supporting Affidavit show amounted to at least eight calls for a total of $11,000 for which plaintiff requests this court to enter judgment for.

14. Plaintiff has pled for an award of her reasonable attorney fees and court costs which she requests be awarded based upon Motion and Affidavit of her attorney to be filed.

WHEREFORE, Plaintiff request this Court to enter a default against Tate & Kirlin, Inc. in the amount of $29,000.00 and for Plaintiff's reasonable attorney fees, Court cost and such other damages that this Court deems equitable for which let execution issue.

Dated: August 5, 2013

Respectfully Submitted,

___s/ J. Marshall Gilmore____
J. Marshall Gilmore, Esq.
FBN 840-181
Counsel for Plaintiff
1936 Lee Road, Suite 100
Winter Park, FL  32789
Phone 407 937-8675/ 321-599-9922
Fax     407 599-3801
mgilmore@mgilmorelaw.com