# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DANIELLE TACORONTE,**

**Plaintiff,**

-vs-                                                    Case No. 6:13-cv-331-Orl-37DAB

**TATE & KIRLIN ASSOCIATES,**

**Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT AGAINST TATE & KIRLIN ASSOCIATES (Doc. No. 11)** |
| **FILED:** | **August 6, 2013** |
| _____ | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

Plaintiff Danielle Tacoronte sued Defendant Tate & Kirlin Associates, Inc. ("Tate & Kirlin")

for claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Florida Consumer

Collection Practices Act, Fla. Stat. § 559, as well as the Fair Credit Reporting Act, 15 U.S.C. § 1681,

and the Telephone Consumer Protection Act, 47 U.S.C.§ 227(b).  Doc. 1.  Plaintiff now seeks final

judgment against Tate & Kirlin who, although properly served, has not appeared in this Court.

## I. Procedural History

On February 26, 2013, Plaintiff filed suit against Tate & Kirlin asserting four claims arising

out of a series of correspondence and telephone calls alleging she owed a "nonexistent" debt, and

unauthorized credit reporting pulls by Tate & Kirlin.  Doc. 1. Plaintiff sought a default from the Clerk

against Tate & Kirlin pursuant to Federal Rule of Civil Procedure 55(a) on June 12, 2013 (Doc. 6),

which the Court denied for failure to file a memorandum of law in support concerning Pennsylvania

law, where the entity was served.  Doc. 7.  Plaintiff filed an amended Motion for Entry of Default on

July 24, 2013, once she served the corporate Defendant Tate & Kirlin through service on an employee

at the registered office.  Doc. 9.

## II.  Applicable Law of Service of Process and Defaults

Before the court may enter a final default judgment, the clerk must enter a default when the

"party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a); *see also Solaroll*

*Shade & Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1134 (11th Cir. 1986) ("Rule 55 applies

to parties against whom affirmative relief is sought who fail to 'plead or otherwise defend'" (citation

omitted)).Notwithstanding the entry of default by the clerk, "a defendant's default does not in itself

warrant the court in entering a default judgment." *Nishimatsu Constr. Ltd. v. Houston Nat'l Bank*, 515

F.2d 1200, 1206 (5th Cir. 1975). Therefore, the court must evaluate whether it is proper to enter a

default judgment. For example, if a defendant never appears or answers a complaint, then the "case

never has been placed at issue[,]" and thus, the court may enter a default judgment. *Solaroll Shade*,

803 F.2d at 1134. However, prior to entering a default judgment, the court must verify that the

complaint is well pleaded because "[a] 'defendant, by his default, admits the plaintiff's well-pleaded

allegations of fact, and is barred from contesting on appeal the facts thus established.'" *Eagle Hosp.*

*Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (citations omitted);

*Nishimatsu Constr. Ltd.*, 515 F.2d at 1206 ("There must be a sufficient basis in the pleadings for the

judgment entered.").

To determine if a plaintiff's complaint is well-pleaded, the court considers Rule 8(a)(2) of the Federal Rules of Civil Procedure and the standard set forth in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (explicating *Bell Atl. Corp v. Twombly*, 127 S.Ct. 1955 (2007)). According to Federal Rule of Civil Procedure 8(a)(2), to state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 127 S.Ct. at 1947). In other words, the allegations in the complaint need to be sufficient "to 'raise a right to relief above the speculative level' on the assumption that all the allegations in the complaint are true." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citing *Twombly*, 127 S.Ct. at 1965). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

The Court must also confirm that the defaulting defendant was properly served under the Federal Rules of Civil Procedure. It is axiomatic that absent good service, the Court has no in personam or personal jurisdiction over a defendant. *Eastman Kodak Co. v. Studiengesellschaft Kohle mbH*, 392 F.Supp. 1152 (D. Del. 1975). A federal trial court has an affirmative duty to examine its jurisdiction over the parties when entry of judgment is sought against a party who has failed to plead or otherwise defend. *Williams v. Life Savings and Loan*, 802 F.2d 1200 (10th Cir. 1986). Without personal service of process in accordance with applicable law, a federal court is without jurisdiction to render a personal judgment against a defendant. *Royal Lace Paper Works, Inc. v. Pest-Guard Products, Inc.*, 240 F.2d 814 (5th Cir. 1957)[1].

---

[1]All decisions of the United States Fifth Circuit Court of Appeals before October 1, 1980 which have not been overruled by the United States Eleventh Circuit Court of Appeals are binding on federal courts situated in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Plaintiff has provided documentation that Defendant Tate & Kirlin Associates, Inc. is a Pennsylvania corporation.  Doc. 11.  Determining whether personal jurisdiction exists over an out-of-state defendant such as Tate & Kirlin, a Pennsylvania corporation, involves two inquiries: (1) whether a forum state's long arm statute permits service of process and (2) whether the assertion of personal jurisdiction violates due process[2].  The due process requirement is met when a defendant has established "minimum contacts" with the state seeking to exercise jurisdiction. *Williams Elec. Co. v. Honeywell, Inc.*, 854 F.2d 389, 392 (11th Cir.1988) (quoting *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).  "A court may exercise specific jurisdiction over a nonresident defendant only when the plaintiff's cause of action arises from or is directly related to a defendant's contacts with the forum state." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 n. 3 (11th Cir. 2000).

Tate & Kirlin Associates Inc. is also registered to do business as a debt collector in the state of Florida, according public records on the Florida Office of Financial Regulation website.  *See* Doc. 12 (citing Doc. 9 at 6)[3].  Because Tate & Kirlin has a license to conduct debt collection activities within Florida, it has purposefully availed itself of the privilege of conducting activities within Florida.  Tate & Kirlin has also had minimum contacts with the state of Florida because it has contacted Plaintiff through the mail and through phone calls in an attempt to collect a debt from her

---

[2]Florida's long-arm statute states, in relevant part:
(1) (a) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state. . . .
(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
Fla. Stat. § 48.193(1)(a) (1) and (2).

[3]https://real.flofr.com/ConsumerServices/SearchLicensingRecords/Search.aspx (search for Tate & Kirlin - visited on September 27, 2013).

in Osceola and Orange Counties, Florida[4], and in seeking out her credit information created while she resided in Osceola County, Florida (since 2006).  Doc. 1 ¶ 15; Doc. 12 ¶ 2.  *See Fagan v. Lawrence Nathan Associates, Inc.,* 2013 WL 3440228, 5 (E.D. La. July 9, 2013) (holding debt collector had purposefully availed itself of the benefits of the forum state by attempting to collect a debt from, and ultimately reporting information about, a resident of the state, which caused injury or damage in the state).  Thus, the Court has personal jurisdiction over Tate & Kirlin, consistent with the requirements of due process.

Under Federal Rule of Civil Procedure 4(h), service of a federal Complaint on Tate & Kirlin, as a Pennsylvania corporation, may be served in the same manner as service on an individual (as in Rule 4(e)) or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires– by also mailing a copy of each to the defendant."  Fed.R.Civ.P. 4(h).  Under Rule 4(e), service is accomplished by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made or by delivering a copy to an agent authorized by appointment or by law to receive service of process.   Fed. R. Civ. Pro. 4(e).

Plaintiff seeks default judgment against Tate & Kirlin, arguing that service in this case, which was made on an employee of the corporation then in charge, was effective service against the corporation pursuant to Pennsylvania law.  Plaintiff cites Pennsylvania Rule of Civil Procedure 424 which governs service on corporations and similar entities and reads in pertinent part:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:

---

[4]Although the Complaint stated "Orange County, CA" the Court treats this as a typographical error and referring to Orange County, Florida.

(1) an executive officer, partner or trustee of the corporation or similar entity, or
(2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
(3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa. R. Civ. P. 424.

Whether pursuant to Federal Rule of Civil Procedure 4(h) or Pennsylvania Rule of Civil Procedure 424(3), service was proper because the Sheriff's Deputy who served Tate & Kirlin, Lt. Monte Guess, served the corporation by personally serving a copy of the Summons and Complaint on Lorraine Bradt, who was "acting as the clerk or other person then in charge of the business and activity" of Tate & Kirlin in the front office of the registered office of the corporate Defendant, at 2810 Hampton Rd., County of Philadelphia, Commonwealth of Pennsylvania. Doc. 9 at 7 (Sheriff's Supplemental Affidavit of Service).

### III.  *Factual Background*

Plaintiff contends that Tate & Kirlin violated several debt-collection laws by repeatedly harassing her in its attempts to collect an alleged but nonexistent debt. Doc. 1 ¶ 3.  On  August 8, 2012, Tate & Kirlin mailed the Plaintiff a letter demanding payment for some nonexistent account of which she was unaware. Doc. 1 ¶ 9, Ex. A.  On  August 20, 2012, Tate & Kirlin mailed the Plaintiff a second letter demanding payment and offering a discount on the alleged but nonexistent debt. Doc. 1 ¶ 10, Ex. B.  On  September 9, 2012, Plaintiff mailed Tate & Kirlin a demand for validation of the alleged but nonexistent debt. Doc. 1 ¶ 12, Ex. D; Doc. 12 ¶ 7.  On  September 10, 2012, Tate & Kirlin mailed the Plaintiff a third letter demanding payment and offering a discount on the alleged but nonexistent debt. Doc. 1 ¶ 11, Ex. C.

Between August 25, 2012 and September 14, 2012, Tate & Kirlin called the Plaintiff's cell phone no less than eight times and as early as 5:30 a.m. one morning. Doc. 1 ¶ 13, Ex. E; Doc. 12 ¶

12.  The 5:30 a.m. call came into Plaintiff's cell phone when she was attending her mother's bedside in the hospital where she was being prepared to undergo major cancer surgery and greatly upset Plaintiff; Tate & Kirlin called her again that same morning about two hours later.  Doc. 12 ¶ 11.  All of the calls were initiated by robotic auto dialing machine.  Doc. 12 ¶ 13.  Tate & Kirlin was told the number they were calling was a cell phone, and not to call the cell phone, but Tate & Kirlin ignored the Plaintiffs request on more than one occasion.  Doc. 12 ¶ 16.

The communications at issue all relate to the collection of a consumer debt and all took place in Osceola County and Orange County.  Doc. 1 ¶¶ 14, 15.  Plaintiff has no prior or present established relationship, and no contractual obligation with Tate & Kirlin[5].  Doc. 1 ¶¶ 16, 17;  Doc. 12 ¶¶ 3, 5, 22-23.  Plaintiff never received any validation of the alleged debt from Tate & Kirlin in response to her September 9 validation letter, and the Tate & Kirlin continued collection efforts.  Doc. 12 ¶ 9.

Plaintiff obtained her consumer credit reports from the three major credit reporting agencies and found entries by entities that she was unfamiliar with in her Transunion report. Doc. 1 ¶¶ 16, 17; Doc. 12 ¶ 20.  Based on examination of her Transunion consumer credit report, Plaintiff found that Tate & Kirlin had obtained her Transunion[6] consumer credit report on August 9, 2012 without a permissible purpose.  Doc. 1 ¶ 20, 38, Ex. F;  Doc. 12 ¶ 20.  Without a permissible purpose on August 21, 2012, Tate & Kirlin also obtained the Plaintiff's credit report from Experian.  Doc. 1 ¶ 21, 40, Ex. G;  Doc. 12 ¶ 20.   Plaintiff sent a notice, by certified mail, to Tate & Kirlin of their violation in an effort to mitigate damages and reach a settlement for their violation in obtaining Plaintiff s credit report before taking civil action against them; however, Plaintiff received no reply to her

_____

[5]Plaintiff alleges that Tate & Kirlin is in violation of Florida Statute § 559.715, which is condition precedent and applies to those entities receiving assignments of consumer debts.  Plaintiff has never received a written notice of assignment of the alleged debts in dispute in this case.  Doc. 12 ¶ 10.  Having failed to comply by providing notice to Plaintiff within 30 days after assignment, Tate & Kirlin is precluded as a matter of law from attempting to collect the alleged debt in Florida.

[6]Plaintiff is a consumer and Transunion and Experian are credit reporting agencies within the meaning of the FCRA, 15 U.S.C. § 1681a(c).  Doc. 1 ¶¶ 32-34.

correspondence.  Doc. 1 ¶ 41.  At no time did Plaintiff authorize Tate & Kirlin to acquire her consumer credit report from any credit reporting agency.  Doc. 1 ¶ 42.  Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with or applied for insurance from, given direct authorization to, or received a bona fide offer of credit from Tate & Kirlin.  Doc. 1 ¶ 37. There was no account that Tate & Kirlin had any right to collect in order to have had permissible purpose to obtain Plaintiffs credit report.  Doc. 21 ¶ 44.

### IV.  Default Judgment and Damages Amount

Plaintiff alleged in her Complaint that Tate & Kirlin violated four statutes:  the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the similar Florida Consumer Collection Practices Act, Fla. Stat. § 559, as well as the Fair Credit Reporting Act, 15 U.S.C. § 1681, and the Telephone Consumer Protection Act, 47 U.S.C.§ 227(b).  Doc. 1.  "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, and is barred from contesting on appeal the facts thus established.'"  *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (citations omitted); *Nishimatsu Constr. Ltd.*, 515 F.2d at 1206 ("There must be a sufficient basis in the pleadings for the judgment entered.").  Plaintiff seeks what she argues is the allowable maximum statutory damages amount totaling $29,000 based on multiple recoveries under four different statutes.

1.  *Violation of the FDCPA*

The Fair Debt Collection Practices Act was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e)).  The term "debt collector" includes "any person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6)).  The obligation at issue must qualify as a "debt" within the meaning of the FDCPA, which is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5)).  Under the FDCPA, debt collectors are prohibited from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.  15 U.S.C. § 1692(e).

Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3), and Tate & Kirlin is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).  Doc. 1 ¶¶ 23-24. Section 1692e of the FDCPA prohibits false, deceptive, or misleading representations or means in collecting on a debt.  15 U.S.C. § 1692e Section 1692c prohibits calls at any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer, before 8:00 am or after 9:00 p.m. local time.  15 U.S.C. § 1692c.  Other applicable sections of the FDCPA prohibit any charges being made to the consumer, such as collect telephone calls, and the failure to send the consumer a 30-day validation notice within five days of the initial communication.  15 U.S.C. § 1692 f(5); (h) § 1692g.

Here, Tate & Kirlin violated various sections of the FDCPA by falsely representing to Plaintiff that she owed a debt that was nonexistent, and when it called her before 8:00 a.m. local time; when it caused her to incur charges by calling her on her cell phone eight times, and by failing to send her a validation notice.  Under the FDCPA, plaintiffs may recover "any actual damages sustained" as a result of a debt collector's failure to comply with the FDCPA, and "such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k.  In exercising its discretion to award "additional damages," the Court should consider "the frequency and persistence of noncompliance

by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *Guajardo v. GC Servs., LP*, 498 F. App'x 379, 382 (5th Cir. 2012).

Plaintiff has not provided any evidence of actual damages, but she seeks maximum statutory damages of $1,000 per *each* violation of the FDCPA alleged in Count I. Here, Tate & Kirlin sent three collection letters and called Plaintiff eight times, including a call before 8:00 a.m. when she was at her mother's bedside preparing for surgery, then a second time the same day. However, the appropriate award is *$1,000 total* for *all* of the calls (and letters), not for each of the phone calls collecting the non-existent debt. *See Beeders v. Gulf Coast Collection Bureau, Inc.*, No. 8:09–cv–00458–EAK–AEP, 2010 2696404 (M.D.Fla. July 6, 2010) (holding that plaintiff's recovery was limited for all FDCPA claims to the statutory limit of $1,000), *aff'd*, 432 Fed. Appx. 918 (11th Cir. 2011); *see also* Doc. 22 at 7 in *Beeders* (citing *Harper v. Better Bus. Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992) (holding FDCPA provided for maximum additional damages of $1,000 per action, not $1,000 per violation of Act, $1,000 per improper communication or $1,000 per alleged debt)); *Ugarte v. Sunset Const., Inc.*, Case No. 8:007-cv-735, 2008 WL 4723600, *2 (M.D. Fla. Oct. 21, 2008) (awarding $1,000 total for multiple acts by debt collector in violation of FDCPA); *Brown v. Kopolow*, Case No. 10-cv-80593, 2011 WL 283253, *2 (S.D. Fla. Jan. 25, 2011) (maximum statutory damages recovery under the FDCPA is $1,000).

### 2. *Violation of the TCPA*

Plaintiff seeks damages for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. The TCPA makes it unlawful for any person within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, specialized mobile radio service, or other radio

common carrier service, or any service for which the called party is charged for the call.  47 U.S.C. § 227(b)(1)(A)(iii).

Plaintiff seeks a total of $11,000, *i.e.*, $500 for the first call and $1,500 each for seven additional willful telephone calls made thereafter to the Plaintiff's cell phone. Tate & Kirlin willfully or knowingly failed to comply with the TCPA.  Doc. 1 ¶ 47. Tate & Kirlin called the Plaintiff's cell phone eight times without her permission (not in an emergency) from a robotic auto dialing machine, and Plaintiff was charged for telephone calls made to her cell phone.  Tate & Kirlin has violated the TCPA on eight separate phone calls and the Court find damages of $11,000 to be appropriate.  *See Smilko v. Accelerated Receivables*, Case No. 8:11cv1328, 2011 WL 5359064, *2 (M.D. Fla. Oct. 28, 2011) (awarding $40,500 in statutory damages under the TCPA against a debt collector for 27 harassing phone calls using an automatic telephone dialing system to contact plaintiff on his cell phone).

3. *Violation of the FCRA*

Plaintiff seeks $2,000 for the violations of the FCRA for the two impermissible "pulls" of her credit report by Tate & Kirlin.  The Fair Credit Reporting Act, 15 U.S.C. § 1681, was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information."  15 U.S.C. § 1681(b).  A credit reporting agency may furnish a consumer report for a permissible purpose, such as an application for credit, application for employment, for underwriting of insurance involving the consumer, or when being offered a bona fide offer of credit as a result of the inquiry. 15 U.S.C. § 1681b.  Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, given direct authorization to, or received a bona fide offer of credit

from Tate & Kirlin.  Generally, if a debtor's consumer report is obtained in connection with an effort to collect a debt where the parties had a relationship, it does not violate the FCRA. *See, e.g., Robinson v. TSYS Total Debt Management, Inc.*, 447 F.Supp.2d 502 (D. Md. 2006).  However, it is "not a permissible purpose" to pull a consumer's report where no actual debt exists.  *See Smith v. Bob Smith Chevrolet, Inc.*, 275 F.Supp.2d 808 (W.D. Ky. 2003)(holding automobile dealership's decision to investigate consumer's credit report was not based on a reasonable belief that a debt was owed, but on a belief that the original transaction was mistaken and thus was not for a permissible purpose).

In this case, on August 9, 2012, Tate & Kirlin obtained Plaintiff's Transunion consumer credit report and on August 21, 2012, obtained her Experian consumer credit report, both times with no "permissible purpose" since Plaintiff had no prior or present established relationship, and no contractual obligation with Tate & Kirlin.  The debt collector also did not have direct authorization from Plaintiff to pull her credit report.  Tate & Kirlin's actions in obtaining the consumer credit report of the Plaintiff for no permissible purpose and without Plaintiff's consent was a willful violation of § 1681b of the FCRA.  Tate & Kirlin also breached its duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report.

Actual damages under the FCRA "may include damages for humiliation or mental distress even if the consumer has suffered no out-of-pocket losses, as well as damages for injury to reputation and creditworthiness." *Cousin v. TransUnion Corp.*, 246 F.3d 359, 369 n. 10 (5th Cir. 2001) (citing 15 U.S.C. § 1681o(a)).  Plaintiff has not provided any actual evidence of humiliation or mental distress, but she seeks statutory damages of $1,000 for each of the two times Tate & Kirlin made an impermissible pull of her credit report.  The Court finds an award of $2,000 for Tate & Kirlin's impermissible pulls of her credit report to be warranted.

4. *Violation of the FCCPA*

The Florida Consumer Collection Practices Act regulates debt collection in Florida. Fla. Stat. § 559. Plaintiff seeks a total of $8,000 for eight violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72, which provides for statutory damages of $1,000 for each violation. Section 559.72 prohibits specifically enumerated, inappropriate debt collection practices. Subsection 559.72(7) provides that a person collecting a debt shall not "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. § 559.72(7). A debt collector also may not attempt or threaten to enforce a debt with knowledge that the debt was not legitimate. Fla. Stat. § 559.72(9).

Plaintiff alleges Tate & Kirlin violated the FCCPA by claiming, attempting, or threatening to enforce a debt when it knew that the debt was not legitimate and by willfully communicating with her with such frequency as would reasonably be expected to harass her in violation of Florida Statute § 559.72(7), (9)[7]. Doc. 1 ¶ 29. Here, Tate & Kirlin called Plaintiff's cell phone repeatedly in a short time frame, including one call at 5:30 a.m., and each time about a debt that was not legitimate. Tate & Kirlin also failed to respond to Plaintiff's request to provide proof that the debt was legitimate. Plaintiff is entitled to recover damages of $1,000 total for violation of the FCCPA, not $1,000 for each of the eight violations. *See Ugarte,* 2008 WL 4723600, *2 (awarding statutory damages of $1,000 under the FCCPA for debt collector's multiple violations); *cf. Beeders*, 2010 2696404, *1-2 (allowing plaintiff to recover statutory maximum of $1,000 for *each* of ten phone calls allegedly violating FCCPA where each separate phone call was listed in a separate count of the complaint and constituted an "adjudication" under the FCCPA, making each count eligible for its own award of statutory

---

[7]Plaintiff is a consumer and Tate & Kirlin is a debt collector within the meaning of § 559.55(2), (6). Doc. 1 ¶¶ 27, 28. The definitions in the FCCPA track those in the FDCPA. Fla. Stat. § 559.55(6).

damages up to the maximum of $1,000); *Gamboa v. Carruthers,* No. 8:10-cv-1473, 2010 WL 4823671, *1 (M.D. Fla. Nov. 19, 2010) (awarding the maximum statutory damages of $1,000 *per defendant* under the FCCPA).

5. *Attorney's fees*

Plaintiff also seeks an award of her reasonable attorney's fees and court costs which she requests be awarded based upon Motion and Affidavit of her attorney to be filed pursuant to prospective court order.  Each of the statutes under which Plaintiff sued provides for a successful Plaintiff's recovery of attorney's fees.  *See, e.g.,* 15 U.S.C. § 1692k(a)(3) (plaintiff is entitled to the costs of the FDCPA action, as well as reasonable attorneys' fees); 15 U.S.C. § 1681o(a) (allowing recovery of attorney's fees and costs under the FCRA); Fla. Stat. § 559.77(2) (allowing recovery of attorney's fees and costs under the FCCPA).  Attorney's fees must be calculated at the "prevailing market rates" in the relevant "community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).  The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates, *see id.* at 897, which necessarily includes an affidavit of the attorney performing the work and information on rates actually billed and paid in similar lawsuits.  *Id.* at 895 n.11.

## CONCLUSION

Based upon the Clerk's entry of default, the well-pleaded factual allegations contained in the complaint, the Motion for Default Judgment and Plaintiff's affidavit with attachments, it is respectfully **RECOMMENDED** that the Motion for Default Judgment be **GRANTED** and that final default judgment be entered against Tate & Kirlin Associates, Inc. in favor of Plaintiff Danielle Tacoronte in the amount of **$15,000** for violation of the following: Fair Debt Collection Practices Act

($1,000), the Fair Credit Reporting Act ($2,000), the Telephone Consumer Protection Act ($11,000), and the Florida Consumer Collection Practices Act ($1,000).

It is further respectfully **RECOMMENDED** that Plaintiff be granted leave to file a motion for attorney's fees and costs within 14 days of any order adopting this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 1, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy