**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DANIELLE TACORONTE,

        Plaintiff,

v.                                               Case No. 6:13-cv-331-Orl-37DAB

TATE & KIRLIN ASSOCIATES,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Motion for Entry of Final Default Judgment Against Tate & Kirlin Associates Inc., Pursuant to Fed. R. Civ. Proc. 55(b)(2) (Doc. 11), filed August 6, 2013;

2. The Report and Recommendation of United States Magistrate Judge David A. Baker (Doc. 13), filed October 1, 2013;

3. Plaintiff's Objection to a Portion of the Report and Recommendation of Magistrate Issued October 1st, 2013 (Doc. 14), filed October 13, 2013.

## BACKGROUND

Plaintiff initiated this action on February 26, 2013, by filing a four count Complaint against Defendant for violations of: (1) the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 (Count One); (2) the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559 (Count Two); (3) the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 (Count Three); and (4) the Telephone Communications Act, 47 U.S.C. § 227(b)(1)(A)(iii) (Count Four). After Defendant failed to respond to the Complaint,

Plaintiff moved for entry of a Clerk's Default on July 24, 2013 (Doc. 9), and the Clerk entered default against Defendant on July 30, 2013 (Doc. 10). Plaintiff then filed a Motion for Entry of Final Default Judgment Against Defendant, Pursuant to Fed. R. Civ. Proc. 55(b)(2). (Doc. 11.) The motion for default was referred to United States Magistrate Judge David A. Baker, who issued a Report and Recommendation that the motion for default be granted. (Doc. 13 (the "Report").)  Plaintiff then filed a timely objection to the Report. (Doc. 14.)

## STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## DISCUSSION

In a thorough Report, Magistrate Judge Baker considered each of the statutory claims alleged in Plaintiff's Complaint, and recommended that the Court award Plaintiff: (1) "$1,000 total for all of the calls (and letters)" under the FDCPA (Doc. 13 at 9-10); (2) $11,000 for eight violations of the TCPA (*id.* at 11); (3) $2,000 for two violations of the FCRA (*id.* at 12); and $1,000 "total for violation of the FCCPA" (*id.* at 13). "Plaintiff objects only to that portion of the Report that" purportedly "misapplies the law as to award of the maximum statutory amount for each separate and temporally separate allegation of a violation of the FCCPA." (Doc. 14 at 2) (objecting to "the failure of the

2

Report at page 13 to award statutory damages of $1,000 for each violation of the FCCPA"). Specifically, Plaintiff claims that she "should be awarded $1,000 for each violation of the FCCPA, not a single award of $1,000 for all of them together." (*Id.*)

Under Florida law, "[a]ny person who fails to comply with any provision of § 559.72 is liable for actual damages and for additional statutory damages as the court may allow, **but not exceeding $1,000**." Fla. Stat. § 559.77(2) (emphasis added). The FCCPA also authorizes a statutory award of $1,000 **per plaintiff** in a class action—not per violation. *Id.* Under these provisions, courts properly decline to multiply the $1,000 statutory award by each violation alleged in a single count under the FCCPA. *Lara v. Specialized Loan Servicing, LLC*, No. 1:12-cv-24405, 2013 WL 4804387, *3 (S.D. Fla. Sept. 6, 2013) (entering judgment of $500 as the total FCCPA statutory award for four letters); *Martinez v. Commercial Recovery Systems, Inc.*, No. 8:13-cv-391-T-30MAP, 2013 WL 2237571, *2 (M.D. Fla. May 21, 2013) (entering default judgment of $1,000 as the total statutory award for "several calls" and multiple misrepresentations under the FCCPA); *Smith v. Royal Oak Fin. Services, Inc.*, No. 3:11-CV-543-J-34JRK, 2012 WL 3290153, *5 (M.D. Fla. June 18, 2012) (holding that $1,000 was the "maximum award of statutory damages" for multiple violations of the FCCPA), *report and recommendation adopted*, 2012 WL 3290151 (M.D. Fla. Aug. 13, 2012). Thus, the Magistrate Judge did not err in finding that Plaintiff is entitled to a single statutory award of $1,000.

## CONCLUSION

Accordingly, it is hereby **ORDERED and ADJUDGED** that:

1. The Objection (Doc. 14) is **OVERRULED**.
2. The Report and Recommendation of Magistrate Judge David A. Baker (Doc. 13) is **ADOPTED** and **CONFIRMED** and made part of this Order.

3. Plaintiff's Motion for Entry of Final Default Judgment Against Tate & Kirlin Associates Inc., Pursuant to Fed. R. Civ. Proc. 55(b)(2) (Doc. 11) is **GRANTED** in accordance with the Report and Recommendation of Magistrate Judge David A. Baker (Doc. 13).

4. Plaintiff is granted leave to file a motion for attorney's fees and costs on or before November 22, 2013.

5. The Clerk is directed to enter judgment in favor of Plaintiff Danielle Tacoronte in the amount of $15,000 for Counts One through Four of the Complaint.

6. The Clerk is further directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 8, 2013.

*[signature]*

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record